[¶ 1] This matter came before the Court upon the "Board of Professional Responsibility's Report and Recommendation for Order of Disbarment," filed herein September 18, 2018. The Court notes Respondent Stuwert B. Johnson did not file any objection to the Report and Recommendation. See Rule 16, Wyoming Rules of Disciplinary Procedure. The Court, after a careful review of the Board of Professional Responsibility's Report and Recommendation and the file, finds that the Report and Recommendation should be approved, confirmed and adopted by the Court, and that Respondent Stuwert B. Johnson should be disbarred. It is, therefore,
[¶ 2] ADJUDGED AND ORDERED that the "Board of Professional Responsibility's Report and Recommendation for Order of Disbarment," which is attached hereto and incorporated herein, shall be, and the same hereby is, approved, confirmed, and adopted by this Court; and it is further
[¶ 3] ADJUDGED AND ORDERED that, as a result of the conduct set forth in the Report and Recommendation for Order of Disbarment, Respondent Stuwert B. Johnson *458 shall be, and hereby is, disbarred, effective November 1, 2018; and it is further
[¶ 4] ORDERED that Respondent shall comply with the requirements of the Wyoming Rules of Disciplinary Procedure, particularly the requirements found in Rule 21 of those rules. That rule governs the duties of disbarred and suspended attorneys; and it is further
[¶ 5] ORDERED that, pursuant to Rule 25 of the Wyoming Rules of Disciplinary Procedure, Mr. Johnson shall reimburse the Wyoming State Bar the amount of $1,912.56, representing the costs incurred in handling this matter, as well as pay the administrative fee of $750.00. Mr. Johnson shall pay the total amount of $2,662.56 to the Wyoming State Bar on or before December 10, 2018; and it is further
[¶ 6] ORDERED that the Clerk of this Court shall docket this Order of Disbarment, along with the incorporated Report and Recommendation for Order of Disbarment, as a matter coming regularly before this Court as a public record; and it is further
[¶ 7] ORDERED that, pursuant to Rule 9(b) of the Wyoming Rules of Disciplinary Procedure, this Order of Disbarment, along with the incorporated Report and Recommendation for Order of Disbarment, shall be published in the Wyoming Reporter and the Pacific Reporter; and it is further
[¶ 8] ORDERED that the Clerk of this Court cause a copy of this Order of Disbarment to be served upon Respondent Stuwert B. Johnson.
[¶ 9] DATED this 24th day of October, 2018.
BY THE COURT:
/s/ MICHAEL K. DAVIS
Chief Justice
Appendix *459 BEFORE THE SUPREME COURT STATE OF WYOMING
In the matter of STUWERT B. JOHNSON, WSB # 6-2631, WSB No. 2018-020 Respondent.
BOARD OF PROFESSIONAL RESPONSIBILITY'S REPORT AND RECOMMENDATION FOR ORDER OF DISBARMENT
THIS MATTER came before the Board of Professional Responsibility of the Wyoming State Bar on August 7, 2018, for a disciplinary hearing pursuant to Wyo.R.Disc.Proc 15(b). The Wyoming State Bar was represented by Bar Counsel, Mark W. Gifford. Respondent Stuwert B. Johnson attended and was given the opportunity to make an opening statement, testify on his own behalf and make closing remarks.[1] A quorum of the board was in attendance. Bar Counsel called two witnesses: Respondent and Brandi Robinson, Clerk of the Board of Professional Responsibility. Bar Counsel Exhibits BC-1, BC-2 and BC-3 were received into evidence; Respondent introduced no exhibits.
Based upon the exhibits received into evidence, the testimony of the witnesses and with due consideration given to the statements of counsel, the Board FINDS, CONCLUDES and RECOMMENDS as follows:
1. Respondent was admitted to practice in Wyoming in 1993. He is a resident of Utah, where he was admitted to practice in 1992. Respondent is presently an active member in good *460 standing of the Wyoming State Bar, having filed his annual license fee statement and having paid his annual license fee on December 15, 2017.
2. On February 23, 2016, the Honorable Joseph M. Bean, Second Judicial District Court Judge, Weber County, Utah, issued an Order of Interim Suspension of Respondent. On November 14, 2017, Judge Bean issued an Order Imposing Sanctions that continued Respondent's suspension for an additional 18 months, bringing the total period of suspension to more than 38 months.
3. The Utah Order Imposing Sanctions followed a disciplinary hearing held before Judge Bean on August 28, 29, 30 and September 5, 2017. The disciplinary proceeding encompassed numerous complaints that had been filed against Respondent, as a result of which Respondent was found to have committed numerous violations of Rules 1.1, 1.3, 1.4, 1.5, 1.15, 1.16, 8.1 and 8.4 of the Utah Rules of Professional Conduct. Wyoming's Rules are substantially similar.
4. In total, the Utah court found that Respondent violated 32 counts of the Utah Rules of Professional Conduct, including 10 counts involving criminal conduct or conduct prejudicial to the administration of justice.
5. A true and accurate copy of Judge Bean's Findings of Fact, Conclusions of Law and Order was received in evidence as Exhibit BC-1. A true and accurate copy of Judge Bean's Order Imposing Sanctions was received in evidence as Exhibit BC-2. A true and accurate copy of the Utah Rules of Professional Conduct was received in evidence as Exhibit BC-3.
6. Respondent is the prior recipient of an Order of Public Censure issued by the Wyoming Supreme Court on August 19, 2015.See Board of Professional Responsibility v. Johnson, 355 P.3d 1234 (Wyo. 2015). Evidence presented at hearing revealed that Respondent *461 had yet to pay the $500.00 administrative fee and costs in the amount of $50.00 ordered by the Court.
7. Prior to his 2016 suspension in Utah, Respondent had an extensive history of professional discipline in that state, including a 2001 public reprimand for violation of Rules 1.3 (diligence), 1.4 (communication), 1.16 (declining or terminating representation), and 8.4 (misconduct); a 2002 suspension (stayed to six months of unsupervised probation) for violation of Rules 1.1 (competence), 1.2 (scope of representation), 1.3 (diligence), 1.4 (communication) and 8.4 (misconduct); a one-year probation in 2008 for violation of Rules 1.15 (failure to maintain a trust account) and 8.4 (misconduct); and a 2014 public reprimand for violation of Rules 1.1 (competence) and 8.1 (failure to respond to disciplinary counsel).
8. Rule 19(d) of the Wyoming Rules of Disciplinary Procedure requires Bar Counsel to file a formal charge against a member of the Wyoming State Bar upon receiving notice that the attorney has been publicly disciplined in another jurisdiction. Bar Counsel filed a formal charge in the instant proceeding on February 13, 2018.
9. Rule 19(a) provides, "Except as otherwise provided by these rules, a final adjudication in another jurisdiction of misconduct constituting grounds for discipline of an attorney shall, for purposes of proceedings pursuant to these rules, conclusively establish such misconduct." Judge Bean's Findings of Fact, Conclusions of Law and Order and Order Imposing Sanctions constitute a final adjudication of such misconduct.
10. On March 28, 2018, Respondent filed a Response to the Formal Charge in which he admitted the facts regarding sanctions imposed by the Utah State Bar but urged a lesser sanction in Wyoming.
*462 11. On May 23, 2018, an order was entered in the present reciprocal discipline proceeding granting Bar Counsel's motion for partial summary judgment with respect to the Utah court's findings of misconduct by Respondent. The order held:
IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that the final adjudication of the Third Judicial District Court, Salt Lake County, Utah, dated October 18, 2017, shall, for purposes of the present proceeding, conclusively establish Respondent's misconduct, and that the sole purpose of the hearing in this matter will be to develop the record relative to the factors that must be applied to determine the appropriate sanction for Respondent's misconduct.
12. The Board was troubled by the nature and extent of the misconduct that led to Respondent's suspension in Utah, particularly in light of Respondent's prior disciplinary history. Respondent's misconduct ran the gamut from negligent representation to trust account violations to ignoring a subpoena issued by an agency of the Utah state government. His criminal conduct included five DUI arrests in a 10-month period as well as a plea of guilty to a bad check charge relating to his trust account. Such conduct casts grave doubt with respect to Respondent's character and fitness to practice law.
13. The Board found much of the testimony offered by Respondent at the sanction hearing distressing, at best. Respondent's testimony and argument revealed he did not comprehend the seriousness of his misconduct. He made light of his lengthy disciplinary history, characterizing it as not unusual for someone who has practiced law for as long as he has. He testified that a 2014 conviction for issuing a $2,500 bad check from his trust account (a Class A misdemeanor originally charged as a Third-Degree felony) was the result of someone "hacking" his trust account. Further questioning revealed he never raised the hacking as a defense and never resolved who or how the "hacking" was achieved. Respondent seemed similarly untroubled by his failure to pay the $500 administrative fee and $50 in costs associated with his 2015 public censure, claiming that he thought it had been paid by his assistant. His further testimony was that he had little contact from *463 the State Bar regarding the fee. In Bar Counsel's rebuttal, Board Clerk Brandi Robinson testified about extensive contacts she initiated with Respondent in an attempt to collect the fees; all to no avail.
14. The misconduct committed by Respondent violated duties owed to clients, to the public, and to the legal profession.
15. Respondent's state of mind with respect to such misconduct ranged from negligent to intentional.
16. Respondent's misconduct caused serious or potentially serious injury to his clients, to the public and to the legal profession.
17. The Board considered the aggravating factors under ABA Standard 9.0, finding as follows:
(a) prior disciplinary offenses;
(b) dishonest motive;
(c) a pattern of misconduct;
(d) multiple offenses;
(e) bad faith obstruction of the disciplinary proceeding by intentionally failing to comply with rules or orders of the disciplinary agency;
(f) submission of false evidence, false statements, or other deceptive practices during the disciplinary process;
(g) refusal to acknowledge wrongful nature of conduct;
(h) vulnerability of the victim;
(i) substantial experience in the practice of law;
(j) indifference in making restitution; and
(k) illegal conduct, including that involving the use of alcohol.
*464 18. The Board considered mitigating factors under ABA Standard 9.0; finding as follows:
(a) personal and emotional problems.
19. The Board considered Respondent's alcoholism and rehabilitation efforts as a potential mitigating factor. Evidence revealed that Respondent is affected by a dependency on alcohol. The Board does not find the remaining factors necessary to consider his alcoholism as a mitigating factor under ABA Standard 9.32 (Factors Which May Be Considered in Mitigation) that:
(2) the chemical dependency or mental disability caused the misconduct;
(3) the Respondent's recovery from the chemical dependency or mental disability is demonstrated by a meaningful and sustained period of successful rehabilitation; and
(4) the recovery arrested misconduct and recurrence of that misconduct is unlikely.
Accordingly, the Board does not find ABA Standard 9.32(i) is meant and does not consider it a mitigating factor.
20. The Board also considered 9.33(k) (imposition of other penalties or sanctions) but did not find it a substantial mitigating factor under the circumstances.
21. Based upon the evidence presented at hearing, arguments of Respondent and Bar Counsel, and due consideration given to aggravating and mitigating factors, the Board finds the misconduct proved warrants a different level of discipline than imposed by Utah. Accordingly, the Board finds that disbarment is the appropriate sanction for Respondent's misconduct.
*465 Conclusions of Law
22. Rule 1.1, Wyo.R.Prof.Cond., provides, "A lawyer shall provide competent representation to a client. Competent representation requires the legal knowledge, skill, thoroughness and preparation reasonably necessary for the representation."
23. Rule 1.3, Wyo.R.Prof.Cond., provides, "A lawyer shall act with reasonable diligence and promptness in representing a client."
24. Rule 1.4, Wyo.R.Prof.Cond., provides:
(a) A lawyer shall:
(1) promptly inform the client of any decision or circumstance with respect to which the client's informed consent, as defined in 1.0(f), is required by these Rules;
(2) reasonably consult with the client about the means by which the client's objectives are to be accomplished;
(3) keep the client reasonably informed about the status of the matter;
(4) promptly comply with reasonable requests for information; and
(5) consult with the client about any relevant limitation on the lawyer's conduct when the lawyer knows that the client expects assistance not permitted by the Rules of Professional Conduct or other law.
(b) A lawyer shall explain a matter to the extent reasonably necessary to permit the client to make informed decisions regarding the representation, except that a lawyer appointed to act as a guardian ad litem shall be ultimately responsible for making decisions in the best interests of the individual.
25. Rule 1.5, Wyo.R.Prof.Cond., provides in relevant part:
(a) A lawyer shall not make an agreement for, charge, or collect an unreasonable fee or an unreasonable amount for expenses. The factors to be considered in determining the reasonableness of a fee include the following:
(1) the time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly;
(2) the likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer;
*466 (3) the fee customarily charged in the locality for similar legal services;
(4) the amount involved and the results obtained;
(5) the time limitations imposed by the client or by the circumstances;
(6) the nature and length of the professional relationship with the client;
(7) the experience, reputation, and ability of the lawyer or lawyers performing the services; and
(8) whether the fee is fixed or contingent.
* * *
26. Rule 1.15, Wyo.R.Prof.Cond., provides in relevant part:
(e) Upon receiving funds or other property in which a client or third person has an interest, a lawyer shall promptly notify the client or third person. Except as stated in this Rule or otherwise permitted by law or by agreement with the client, a lawyer shall promptly deliver to the client or third person any funds or other property that the client or third person is entitled to receive and, upon request by the client or third person, shall promptly render a full accounting regarding such property. ***
27. Rule 1.16, Wyo.R.Prof.Cond., provides in relevant part:
(d) Upon termination of representation, a lawyer shall take steps to the extent reasonably practicable to protect a client's interests, such as giving reasonable notice to the client, allowing time for employment of other counsel, surrendering papers and property to which the client is entitled and refunding any advance payment of fee or expense that has not been earned or incurred. ***
28. Rule 8.1, Wyo.R.Prof.Cond., provides in relevant part:
An applicant for admission to the bar, or a lawyer in connection with a bar admission application or in connection with a disciplinary matter, shall not:
* * *
(b) fail to disclose a fact necessary to correct a misapprehension known by the person to have arisen in the matter, or knowingly fail to respond to a lawful demand for information from an admissions or disciplinary authority, except that this rule does not require disclosure of information otherwise protected by Rule 1.6.
29. Rule 8.4, Wyo.R.Prof.Cond., provides in relevant part:
It is professional misconduct for a lawyer to:
* * *
*467 (b) commit a criminal act that reflects adversely on the lawyer's honesty, trustworthiness or fitness as a lawyer in other respects;
* * *
(d) engage in conduct that is prejudicial to the administration of justice ***
30. Rule 19(d), Wyo.R.Disc.Proc., provides:
Upon receiving notice that an attorney subject to these rules has been publicly disciplined in another jurisdiction, Bar Counsel shall obtain the disciplinary order and prepare and file a formal charge against the attorney as provided in Rule 13. If Bar Counsel intends either to claim that substantially different discipline is warranted or to present additional evidence, notice of that intent shall be given in the formal charge. If the attorney intends to challenge the validity of the disciplinary order entered in the foreign jurisdiction, the attorney must file with the BPR Clerk an answer and a full copy of the record of the disciplinary proceedings which resulted in the imposition of that disciplinary order within 21 days after service of the formal charge or such greater time as the BPR Chair may allow for good cause shown. At the conclusion of proceedings brought under this Rule, the BPR shall issue a report and recommendation that the same discipline be imposed as was imposed by the foreign jurisdiction, unless it is determined by the BPR that:
(1) The procedure followed in the foreign jurisdiction did not comport with requirements of due process of law;
(2) The proof upon which the foreign jurisdiction based its determination of misconduct is so infirm that the BPR cannot, consistent with its duty, accept as final the determination of the foreign jurisdiction;
(3) The imposition of the same discipline as was imposed in the foreign jurisdiction would result in grave injustice; or
(4) The misconduct proved warrants that a substantially different form of discipline be recommended by the BPR.
31. Rule 19(a) provides, "Except as otherwise provided by these rules, a final adjudication in another jurisdiction of misconduct constituting grounds for discipline of an attorney shall, for purposes of proceedings pursuant to these rules, conclusively establish such misconduct."
32. Rule 15(b)(3)(D), Wyo.R.Disc.Proc., lists the factors to be considered in determining lawyer sanctions:
(D) In imposing a sanction after a finding of misconduct by the respondent, the BPR shall consider the following factors, as enumerated in the ABA Standards for Imposing Lawyer Sanctions:
*468 (i) Whether the lawyer has violated a duty owed to a client, to the public, to the legal system, or to the profession;
(ii) Whether the lawyer acted intentionally, knowingly, or negligently;
(iii) The actual or potential injury caused by the lawyer's misconduct; and
(iv) The existence of any aggravating or mitigating factors.
33. The American Bar Association's "Standards for Imposing Lawyer Sanctions" read "The purpose of lawyer discipline proceedings is to protect the public and the administration of justice from lawyers who have not discharged, will not discharge, or are unlikely properly to discharge their professional duties to clients, the public, the legal system, and the legal profession." ABA Standard 3.0 lists the factors to be considered in imposing a sanction after a finding of lawyer misconduct, and mirrors the language of Rule 15(b)(3)(D), W.R.D.P.:
(a) the duty violated;
(b) the lawyer's mental state;
(c) the potential or actual injury caused by the lawyer's misconduct; and
(d) the existence of aggravating or mitigating factors.
34. Much of Respondent's conduct falls within Standard 4.0, "Violations of Duties Owed to Clients." Standard 4.5 sets forth the guidelines for lawyers who display a lack of competence in violation of Rule 1.1:
Absent aggravating or mitigating circumstances, upon application of the factors set out in Standard 3.0, the following sanctions are generally appropriate in cases involving failure to provide competent representation to a client:
4.51 Disbarment is generally appropriate when a lawyer's course of conduct demonstrates that the lawyer does not understand the most fundamental legal doctrines or procedures, and the lawyer's conduct causes injury or potential injury to the client.
*469 4.52 Suspension is generally appropriate when a lawyer engages in an area of practice in which the lawyer knows he or she is not competent and causes injury or potential injury to a client.
4.53 Reprimand [i.e., public censure under Rule 9(a)(3), Wyo.R.Disc.Proc.] is generally appropriate when a lawyer:
(a) demonstrates failure to understand relevant legal doctrines or procedures and causes injury or potential injury to a client; or
(b) is negligent in determining whether he is she is competent to handle a legal matter and causes injury or potential injury to a client.
4.54 Admonition [i.e., private reprimand under Rule 9(a)(4), Wyo.R.Disc.Proc.] is generally appropriate when a lawyer engages in an isolated instance of negligence in determining whether he or she is competent to handle a legal matter, and causes little or no actual or potential injury to a client.
35. Violations of Rules 1.3 (diligence) and 1.4 (communication with clients) fall within Standard 4.4:
Absent aggravating or mitigating circumstances, upon application of the factors set out in Standard 3.0, the following sanctions are generally appropriate in cases involving failure to provide competent representation to a client:
4.41 Disbarment is generally appropriate when:
(a) a lawyer abandons the practice and causes serious or potentially serious injury to a client; or
(b) a lawyer knowingly fails to perform services for a client and causes injury or potentially serious injury to a client;
(c) a lawyer engages in a pattern of neglect with respect to client matters and causes serious or potentially serious injury to a client.
4.42 Suspension is generally appropriate when:
(a) a lawyer knowingly fails to perform services for a client and causes injury or potential injury to a client, or
(b) a lawyer engages in a pattern of neglect and causes injury or potential injury to a client.
*470 4.43 [Public censure] is generally appropriate when a lawyer is negligent and does not act with reasonable diligence in representing a client, and causes injury or potential injury to a client.
4.44 [Private reprimand] is generally appropriate when a lawyer is negligent and does not act with reasonable diligence in representing a client, and causes little or no actual or potential injury to a client.
36. Respondent's violations of Rules 1.5 and 1.16 implicate Standard 7.0 ("Violations of Other Duties Owed as a Professional"), which reads:
Absent aggravating or mitigating circumstances, upon application of the factors set out in Standard 3.0, the following sanctions are generally appropriate in cases involving false or misleading communication about the lawyer or the lawyer's services, improper communication of fields of practice, improper solicitation of professional employment from a prospective client, unreasonable or improper fees, unauthorized practice of law, improper withdrawal from misrepresentation, or failure to report professional misconduct.
7.1 Disbarment is generally appropriate when a lawyer knowingly engages in conduct that is a violation of a duty owed as a professional with the intent to obtain a benefit for the lawyer or another, and causes serious or potentially serious injury to a client, the public or the legal system.
7.2 Suspension is generally appropriate when a lawyer knowingly engages in conduct that is a violation of a duty owed as a professional and causes injury or potential injury to a client, the public, or the legal system.
7.3 [Public censure] is generally appropriate when a lawyer negligently engages in conduct that is a violation of a duty owed as a professional and causes injury or potential injury to a client, the public, or the legal system.
7.4. [Private reprimand] is generally appropriate when a lawyer engages in an isolated instance of negligence that is a violation of a duty owed as a professional, and causes little or no actual or potential injury to a client, the public, or the legal system.
37. Respondent's violations of Rule 1.15 fall within Standard 4.1, "Failure to Preserve the Client's Property":
Absent aggravating or mitigating circumstances, upon application of the factors set out in Standard 3.0, the following sanctions are generally appropriate in cases where the lawyer engages in fraud, deceit, or misrepresentation directed toward a client:
4.11 Disbarment is generally appropriate when a lawyer knowingly converts client property and causes injury or potential injury to a client.
*471 4.12. Suspension is general appropriate when a lawyer knows or should know that he is dealing improperly with client property and causes injury or potential injury to a client.
4.13 [Public censure] is generally appropriate when a lawyer is negligent in dealing with client property and causes injury or potential injury to a client.
4.14 [Private reprimand] is generally appropriate when a lawyer is negligent in dealing with client property and causes little or no actual or potential injury to a client.
38. Respondent's violations of Rule 8.4(b) fall within the heading "Violation of Duties Owed to the Public," more specifically, "Failure to Maintain Personal Integrity" (Standard 5.1):
Absent aggravating or mitigating circumstances, upon application of the factors set out in Standard 3.0, the following sanctions are generally appropriate in cases involving commission of a criminal act that reflects adversely on the lawyer's honesty, trustworthiness, or fitness as a lawyer in other respects, or in cases with conduct involving dishonesty, fraud, deceit or misrepresentation:
5.11 Disbarment is generally appropriate when:
(a) a lawyer engages in serious criminal conduct, a necessary element of which includes intentional interference with the administration of justice, false swearing, misrepresentation, fraud, extortion, misappropriation, or theft; or the sale distribution or importation of controlled substances; or the intentional killing of another; or an attempt or conspiracy or solicitation of any other commit any of these offenses; or
(b) a lawyer engages in any other intentional conduct involving dishonesty, fraud, deceit, or misrepresentation that seriously adversely reflects on the lawyer's fitness to practice.
5.12 Suspension is generally appropriate when a lawyer knowingly engages in criminal conduct which does not contain the elements listed in Standard 5.11 and that seriously reflects on the lawyer's fitness to practice.
5.13 [Public censure] is generally appropriate when a lawyer knowingly engages in any other conduct that involves dishonesty, fraud, deceit, or misrepresentation and that adversely reflects on the lawyer's fitness to practice law.
5.14 [Private reprimand] is generally appropriate when a lawyer engages in any other conduct that reflects adversely on the lawyer's fitness to practice law.
39. The preamble to the ABA Standards includes the following discussion regarding mental state:
*472 The mental states used in this model are defined as follows. The most culpable mental state is that of intent, when the lawyer acts with the conscious objective or purpose to accomplish a particular result. The next most culpable mental state is that of knowledge, when the lawyer acts with conscious awareness of the nature or attendant circumstances of his or her conduct both without the conscious objective or purpose to accomplish a particular result. The least culpable mental state is negligence, when a lawyer fails to be aware of a substantial risk that circumstances exist or that a result will follow, which failure is a deviation of a care that a reasonable lawyer would exercise in the situation.
40. Under the ABA Standards, "injury" is defined as "harm to a client, the public, the legal system, or the profession which results from a lawyer's misconduct. The level of injury can range from `serious' injury to `little or no' injury; a reference to `injury' alone indicates any level of injury greater than `little or no' injury." "Potential injury" is defined as "harm to a client, the public, the legal system or the profession that is reasonably foreseeable at the time of the lawyer's misconduct, and which, but for some intervening factor or event, would probably have resulted from the lawyer's misconduct."
41. ABA Standard 9.0, entitled "Aggravation and Mitigation," provides as follows:
9.1 Generally
After misconduct has been established, aggravating and mitigating circumstances may be considered in deciding what sanction to impose.
9.2 Aggravation
9.21 Definition. Aggravation or aggravating circumstances are any considerations or factors that may justify an increase in the degree of discipline to be imposed.
9.22 Factors which may be considered in aggravation. Aggravating factors include:
(a) prior disciplinary offenses;
(b) dishonest or selfish motive;
(c) a pattern of misconduct;
(d) multiple offenses;
(e) bad faith obstruction of the disciplinary proceeding by intentionally failing to comply with rules or orders of the disciplinary agency;
*473 (f) submission of false evidence, false statements, or other deceptive practices during the disciplinary process;
(g) refusal to acknowledge wrongful nature of conduct;
(h) vulnerability of the victim;
(i) substantial experience in the practice of law;
(j) indifference in making restitution; and
(k) illegal conduct, including that involving the use of controlled substances.
9.3 Mitigation.
9.31 Definition. Mitigation or mitigating circumstances are any considerations or factors that may justify a reduction in the degree of discipline to be imposed.
9.32 Factors which may be considered in mitigation. Mitigating factors include:
(a) absence of a prior disciplinary record;
(b) absence of a dishonest or selfish motive;
(c) personal or emotional problems;
(d) timely good faith effort to make restitution or to rectify consequences of misconduct;
(e) full and free disclosure of disciplinary board or cooperative attitude toward proceedings;
(f) inexperience in the practice of law;
(g) character or reputation;
(h) physical disability;
(i) mental disability or chemical dependency including alcoholism or drug abuse when:
(1) there is medical evidence that the respondent is affected by a chemical dependency or mental disability;
(2) the chemical dependency or mental disability caused the misconduct;
*474 (3) the respondent's recovery from the chemical dependency or mental disability is demonstrated by a meaningful and sustained period of successful rehabilitation; and
(4) the recovery arrested the misconduct and recurrence of that misconduct is unlikely.
(j) delay in disciplinary proceedings;
(k) imposition of other penalties or sanctions;
(l) remorse; and
(m) remoteness of prior offenses.
9.4 Factors Which Are Neither Aggravating nor Mitigating.
The following factors should not be considered as neither aggravating nor mitigating:
(a) forced or compelled restitution;
(b) agreeing to the client's demand for certain improper behavior or result;
(c) withdrawal of complaint against the lawyer;
(d) resignation prior to completion of disciplinary proceedings;
(e) complainant's recommendation as to sanction; and
(f) failure of injured client to complain.
42. With respect to costs of disciplinary proceedings, Rule 25, Wyo.R.Disc.Proc., provides:
(a) The expenses of members of the BPR, the ROC, Bar Counsel, and Special Bar Counsel, costs of a Disciplinary Judge, and other expenses incurred in the implementation or administration of these rules, shall be paid with funds allocated for that purpose by the Wyoming State Bar. The Wyoming State Bar shall compensate and pay the expenses of Disciplinary Judges.
(b) In addition to any costs assessed by the BPR, the ROC or the Court, an administrative fee of seven hundred fifty dollars ($750.00) shall be imposed by the BPR in all cases where private discipline, diversion, or public discipline is ordered. The administrative fee shall be assessed on a per-complaint basis.
*475 (c) Costs means actual expenses incurred by Bar Counsel, the ROC, the BPR, and the Wyoming State Bar in connection with a disciplinary proceeding, reinstatement proceeding or diversion program, including without limitation the cost of depositions used in a proceeding, hearing transcripts, copying costs, conference call and other telephone expenses, fees for service of process and subpoenas, witnesses fees, fees paid to expert witnesses, and costs associated with travel, meals and lodging for the ROC, the BPR, the BPR Clerk and the Office of Bar Counsel.
(d) When an attorney is privately disciplined, the BPR or the ROC may assess against the attorney the costs incurred in connection with the investigation and disciplinary proceeding, together with the administrative fee.
(e) When public discipline is recommended by the BPR, it shall certify to the Court the costs incurred in connection with the investigation and disciplinary proceeding, together with the administrative fee. The BPR may recommend to the Court the assessment of those costs and, if the Court imposes discipline, the Court may assess all or any part of the certified costs, together with the administrative fee, against respondent.
(f) In any case where costs and fees are assessed, they shall be paid to the Wyoming State Bar.
Recommendation
Based upon the foregoing findings and conclusions, the Board recommends that the Court issue an order of disbarment of Respondent; that Respondent be required to pay an administrative fee of $750.00 as provided in Rule 25(b), Wyo.R.Disc.Proc.; and that Respondent be required to reimburse the Wyoming State Bar for certified costs of this proceeding as provided in Rule 25(e), Wyo.R.Disc.Proc., totaling $1,912.56.
DATED this 14th day of September 2018.
Jason A. Neville Chair, Board of Professional Responsibility